DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Gina Andrews, appeals from her conviction in the Wayne County Municipal Court. We affirm.
 I. {¶ 2} On January 10, 2006, Appellant was involved in a physical altercation with Maribel Hall ("Hall") and Hall's daughter, Jamie ("Jamie"). The parties agree that Jamie threw a pan at Appellant. Hall contends that after she broke up the fight between Jamie and Appellant, Appellant hit her from behind with an empty paint can. Police arrived on the scene and arrested Appellant. *Page 2 
Appellant was charged with assault, in violation of R.C. 2903.13(A). Appellant pled not guilty and on April 20, 2006, the matter proceeded to a bench trial. The court heard testimony from Sergeant Bolek, the arresting officer, Hall, Appellant, and Ryan Weaver ("Weaver"), Appellant's neighbor. At the conclusion of all testimony, the court found Appellant guilty of assault. Appellant was sentenced to one year of basic probation, ten hours of community service, anger management counseling, and a $250.00 fine. Appellant was also ordered to have no contact with Hall and her family. Appellant timely appealed her conviction, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT'S VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} In her sole assignment of error, Appellant contends that the trial court's verdict was against the manifest weight of the evidence. We disagree.
 {¶ 4} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (overruled on other grounds). When a defendant asserts that his convictions are against the manifest weight of the evidence, *Page 3 
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
 {¶ 5} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see also, Otten, 33 Ohio App.3d at 340.
 {¶ 6} Appellant was convicted of assault, in violation of R.C.2903.13(A). This section states that "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." R.C. 2903.13(A).
 {¶ 7} Weaver testified on behalf of the state. According to Weaver, he heard yelling outside his home as he prepared to leave. When he went outside, he saw Appellant. Weaver testified that after hearing the yelling and observing Appellant, he went back inside. When he came out the second time, he saw Jamie enter Appellant's apartment building, then come back outside and proceed to yell at Appellant from the lawn. Weaver testified that Appellant came out of the building with a paint can. Weaver stated that Jamie threw a pan at Appellant and then Hall calmed Jamie down. Weaver testified that it appeared the fight was over *Page 4 
when Hall and Jamie proceeded to leave. Weaver stated that he got into his truck and was about to back out of his driveway when he observed Appellant come up behind Hall and hit her with a paint can. Weaver testified that he observed this through the rear view mirror of his truck. He testified that while he was approximately 150 feet away, his view was unobstructed.
 {¶ 8} Hall testified that she heard yelling outside and went outside to calm Jamie down. According to Hall, as she was attempting to leave the area, Appellant came up behind her and hit her with a paint can.
 {¶ 9} Appellant testified that she was involved in a verbal argument with Jamie. She stated that she called the police because Jamie threatened to beat her up. According to Appellant, she grabbed an empty paint can because she "wasn't sure if [she] was going to be safe to go outside or not." She further admitted that she held onto the paint can during the ensuing argument outside. Appellant testified that Hall came after her, hit her and ripped her shirt. Appellant stated that "[Hall] struck me * * * and when I lost my balance the paint can did go up into the air and then I fell down onto the ground." She further testified that if the paint can hit Hall it was not intentional.
 {¶ 10} As the finder of fact, the trial court was entitled to reconcile any differences and inconsistencies in the testimony and determine that the manifest weight of the evidence supported a finding of guilt. See State v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus. Thus, this Court will defer to *Page 5 
the factfinder's judgment on matters of credibility. State v.Young, 9th Dist. No. 22636, 2006-Ohio-68, at ¶ 35, citing State v.Lawrence (Dec. 1, 1999), 9th Dist. No. 98CA007118, at *6. It is clear from the record that the trial court placed heavy emphasis on Weaver's testimony, as he was an independent, non-party to the case. Further, Weaver's testimony corroborated Hall's version of the events. It is clear from Weaver's testimony that Appellant knowingly walked up behind Hall and hit her with a paint can, thus causing physical harm. After a review of the record, this Court cannot conclude that the trial court created a manifest miscarriage of justice in finding Appellant guilty of assault. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 11} Appellant's assignment of error is overruled and the judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J., WHITMORE, J., CONCUR *Page 1